## Hemminger v. Johnson

*Wade K. Newell*, for plaintiff.

*Shelby, Ray & Coldren*, for defendant.

MORROW, J., July 6, 1940.—Plaintiff brought suit against defendant to recover for damage to his automobile, caused by the alleged negligent operation of defendant's automobile. Defendant has filed an affidavit of defense to raise a question of law. The affidavit avers that plaintiff had insurance to protect him for the damage to his car in excess of fifty dollars. It is defendant's contention that the insurance company must be joined as a plaintiff in the suit by reason of Pa. R. C. P. 2002, which reads as follows:

"(*a*) Except as otherwise provided in clauses (*b*) and (*c*) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

None of the exceptions referred to has any application to this suit. In the recent case of Wolf et al. v. Gross, 38 D. & C. 413, it is said:

"Prior to September 4, 1939, plaintiff in a negligence case was not required to disclose that he carried insurance or was paid any insurance. Under Rule 2002, subject to certain exceptions, it is now mandatory."

We prefer to accept the view that the term "real party in interest", as applied to the case at bar, does not include the insurance company until it has received assignment from plaintiff of all or part of his alleged claim against defendant. The insurance company may have some defense to a claim by plaintiff against it. If so, a common question of law or fact might not be the main proposition involved in this suit were it now ordered that the insurance company be made a coplaintiff. Under Pa. R. C. P. 2004 the insurance company may be joined later with the original plaintiff if the facts so warrant.

Pa. R. C. P. 2002, supra, follows substantially rule 17 (a) of the Federal Rules of Civil Procedure. In Rosenblum v. Dingfelder et al., 111 F. (2d) 406, 407, the Circuit Court of Appeals for the Second Circuit, in holding that the "real party in interest" provision of this rule includes an assignee for collection or suit only, says:

"Since the claim is owned and may be sued upon by some one, all a defendant may properly ask is such a party plaintiff as will render the judgment final and res adjudicata of the right sued upon."

In the case at bar as it now stands, defendant has no reason to fear that a judgment therein would not be final as to him.

### Order

And now, July 6, 1940, after hearing and consideration, the question of law raised is decided against defendant and he may file a supplemental affidavit of defense to the averments of fact of the statement within 15 days.